UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARTI S.,[1]

        Plaintiff,

v.                                          Civil No. 2:22cv400

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

        Defendant.

## OPINION AND ORDER

Marti S. ("Plaintiff"), with the assistance of counsel, brought this action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability benefits under the Social Security Act. Before the Court are: Plaintiff's motion for summary judgment; the Report and Recommendation ("R&R") of the United States Magistrate Judge; Plaintiff's objections to the R&R; and finally the Commissioner's response to Plaintiff's objections. For the reasons set forth below, the court **ADOPTS** the R&R, ECF No. 17; **DENIES** Plaintiff's motion for summary judgment, ECF No. 12; and **AFFIRMS** the Commissioner's decision to deny

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

Plaintiff's claim for disability benefits under the Social Security Act.

## I. PROCEDURAL BACKGROUND

Pursuant to 28 U.S.C § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this matter was referred to a United States Magistrate Judge for an R&R. On September 5, 2023, the Magistrate Judge assigned to this case issued a detailed R&R recommending that Plaintiff's motion for summary judgment be denied and the Commissioner's final decision be affirmed. ECF No. 17. By copy of the R&R, each party was advised of the right to file written objections, and on September 19, 2023, the Court received Plaintiff's objections to the R&R. ECF No. 18. The Commissioner filed her response on September 29, 2023. ECF No. 19.

## II. LEGAL STANDARD

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Accord 28 U.S.C. § 636(b)(1). A proper objection is "sufficient[ly] specific[] so as reasonably to alert the district court of the true ground for the objection." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). For portions of the R&R for which no proper objection is made, a district court need only review for

2

clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); see also Fed.R.Civ.P. 72 advisory committee's note.

In reviewing a final administrative decision, a reviewing court "must uphold the factual findings of the [Administrative Law Judge ("ALJ")] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citation omitted). Substantial evidence is "more than a mere scintilla," but requires no more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted); accord Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023).

In undertaking this review, a reviewing court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). Though this is a deferential standard of review, the ALJ still "must 'build an accurate and logical bridge' from the evidence to their conclusions" to pass muster. Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 94 (4th

3

Cir. 2020) (quoting Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)).

### III. APPLICABLE REGULATIONS

The ALJ is required to follow a five-step sequential analysis to evaluate whether an individual has a requisite disability for benefits under the Social Security Act. 20 C.F.R. § 404.1520(a). The sequential analysis includes the following assessments: (1) whether the claimant is engaged in substantial gainful activity; (2) the degree of severity of the claimant's medically determinable physical and mental impairments; (3) whether the claimant has an impairment that meets or equals one of the Social Security Administration's official impairments; (4) whether an impairment prevents the claimant from performing any past relevant work in light of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can adjust to employment other than past relevant work in light of the claimant's RFC, age, education, and work experience. Id.

For mental impairment claims (such as Plaintiff's), the ALJ must follow the assessment procedure set forth in 20 C.F.R. § 404.1520a. This "technique" requires the ALJ to "rate the degree of functional limitation resulting from [any medically determinable mental] impairment(s)" in "four broad functional areas . . . : Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or

4

manage oneself." 20 C.F.R. § 404.1520a(b)(2), (c)(3). Limitations in these functional areas are rated on a five-point scale: none, mild, moderate, marked, or extreme. Id. § 404.1520a(c)(4). The ALJ uses these ratings to determine the "severity" of the claimant's mental impairments for steps two and three of the five-step analysis. Id. § 404.1520a(d).

Once the ALJ has rated the severity of each impairment, then they will determine if any impairment (or combination thereof) "meets or is equivalent in severity to a listed mental disorder." 20 C.F.R. § 404.1520a(d)(2). If not, then the ALJ will move to steps four and five and assess the claimant's RFC. Id. § 404.1520a(d)(3).

## IV. DISCUSSION

Plaintiff offers three objections to the R&R, each of which is a variation on Plaintiff's core argument that the ALJ "failed to properly evaluate the opinion of [Plaintiff's] treating psychiatrist William McDaniel." ECF No. 13, at 1. First, Plaintiff contends that the ALJ overstated Plaintiff's ability to travel and therefore improperly evaluated Dr. McDaniel's medical opinion. ECF No. 18, at 1. Second, Plaintiff argues that the ALJ "cherry picked" from Dr. McDaniel's treatment notes by emphasizing positive entries in Plaintiff's medical history without accounting for Plaintiff's medical challenges. Id. at 3. Finally, Plaintiff contends that the ALJ "improperly relied on Plaintiff's ability to

5

engage in group therapy as evidence of her ability to act in a work setting." Id. at 4. The Court addresses each of these objections in turn.[2]

### A. The ALJ's Consideration of Plaintiff's Travel

Plaintiff contends that the ALJ "excluded the context" of Plaintiff's travels when the ALJ examined Dr. McDaniel's medical opinion. ECF No. 18, at 1-2. The medical opinion states that Plaintiff has "extreme limitations in her ability to travel in unfamiliar places or use public transportation." R. 3114. The ALJ, so Plaintiff's argument runs, failed to account for the "anxiety" and "depressed mood" that attended Plaintiff's trips. Id. The Magistrate Judge disagreed and instead found that the ALJ reasonably determined that Dr. McDaniel's more encouraging treatment notes were "inconsistent" with his ultimate medical opinion. R. 3114.

The Court agrees with the Magistrate Judge and the ALJ. As both jurists point out, Dr. McDaniel's treatment notes include the observations that Plaintiff "volunteers outside of her home, participates in groups without difficulty, and travels to visit family [and] friends in Colorado, Florida, and West Virgnia." ECF No. 17, at 35. While the ALJ's assessment of Plaintiff's travel did not always reflect the emotional and physical challenges that

---

[2] The Court reviewed the remainder of the R&R and found no clear error in the Magistrate Judge's findings or reasoning. See Elijah, 66 F.4th at 460.

6

apparently attended these visits, R. 39-45, the ALJ's assessment nevertheless satisfied applicable standards. Biestek, 139 S.Ct. at 1154, citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (an ALJ must support an appraisal of a medical opinion with "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.")

Indeed, the ALJ repeatedly addressed Plaintiff's mental and physical health records in the analysis immediately preceding the ALJ's appraisal of Dr. McDaniel's opinion, noting Plaintiff's struggles with "anxiety" and "anger issues and depression," among other challenges. R. 39. The ALJ "need only review medical evidence once in [their] decision," and the ALJ thoroughly examined Plaintiff's medical history before rendering an assessment of Dr. McDaniel's opinion.[3] R. 39-45.

### B. Cherrypicking Argument

Second, Plaintiff argues that the ALJ, and now the Magistrate Judge, have cherry-picked or relied on "an overly selective reading of [Plaintiff's mental health] record" when appraising Dr. McDaniel's opinion. ECF No. 17, at 36. Specifically, Plaintiff

---

[3] Plaintiff also contends that the Magistrate Judge erred by affirming the ALJ's analysis contrary to Shelley C. v. Comm'r of Soc. Sec. Admin., No.21-2014, 2023 WL 2147306 (4th Cir. 2023). Plaintiff is mistaken; Shelley C. provided lower courts binding guidance on evaluating major depressive disorder. Id. But the ALJ's decision to discount Dr. McDaniel's medical opinion based on inconsistencies with treatment notes is well within the ALJ's discretion to address supportability and consistency, weigh "conflicting evidence," and "make credibility determinations." See 20 C.F.R. § 404.1527(c)(3)-(4); Hancock, 434 F.3d at 476.

7

alleges that the Magistrate Judge cites to "indications that Plaintiff was consistently alert, oriented, cooperative, pleasant, and able to relate well," while failing to account for Plaintiff's "genuinely negative mental health notes." ECF No. 18, at 3. However, the Magistrate Judge concluded that the ALJ relied on "evidence representative of the record as a whole" when the ALJ considered "evidence contradicting the conclusions in Dr. McDaniel's opinion." ECF No. 17, at 36.

The Court agrees with the Magistrate Judge. Neither the ALJ nor the Magistrate Judge cherrypicked in the instant case. As noted, the ALJ exhaustively documented Plaintiff's medical record in the pages preceding her assessment of Dr. McDaniel's opinion, noting reports of Plaintiff "playing cornhole and socializing" and taking trips, while also incorporating Plaintiff's "occasional anxious or depressed mood" into her assessment. R. 39-45. The ALJ's consideration of Plaintiff's medical history was not unduly selective, but appropriately considered the supportability and consistency of the medical opinion before discounting. See Dowling v. Comm'r of Soc. Sec. Admin., 986 F.3d 377, 385 (4th Cir. 2021) (the ALJ is "not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician," though it must be clear from the decision that the ALJ

8

considered each factor before deciding how much weight to give the opinion.)

Even assuming Plaintiff's citations to "negative" aspects of her mental health record yield "conflicting evidence [that] allows reasonable minds to differ," the Court does not substitute its judgment for that of the ALJ when the ALJ has marshaled substantial evidence supporting their conclusion, as the ALJ did in the instant case. See Hancock, 667 F.3d at 472.

**C. The ALJ's Consideration of Plaintiff's Group Therapy**

Finally, Plaintiff argues that the ALJ improperly relied on Plaintiff's participation in group therapy sessions as evidence of Plaintiff's ability to function in a professional setting. ECF No. 13, at 23.

The Court disagrees. After reviewing the record, the ALJ did not appreciably rely on Plaintiff's attendance at group therapy sessions. See R. 45. When assessing Dr. McDaniel's opinion, the ALJ observed that "the provider's own treatment records also show the claimant volunteers outside of her home, participates in [a] group without difficulty, and travels to visit family and friends in Colorado, Florida, and West Virginia." Id. Though the ALJ could have been more context-sensitive when referring here to Plaintiff's participation in group therapy, the ALJ did not base

9

her appraisal of Dr. McDaniel's opinion on Plaintiff's participation in such group therapy sessions.

Rather, the ALJ cites a variety of Plaintiff's activities performed outside of the home to highlight inconsistencies with Dr. McDaniel's opinion that Plaintiff has "extreme limitations traveling in unfamiliar places [and] using public transportation." Id. This evidence-based judgment by the ALJ is sufficient for a "reasonable mind" to "accept as adequate" that Dr. McDaniel's opinion is "not persuasive," R. 45, even though there may be conflicting evidence subject to differing interpretations. Biestek, 139 S. Ct. at 1154.

## V. CONCLUSION

For the reasons explained above, the R&R is **ADOPTED**, ECF No. 17, Plaintiff's summary judgment motion is **DENIED**, ECF No. 12, and the final decision of the Commissioner is **AFFIRMED**. The Clerk is requested to forward a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 30, 2023